UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MYCHAL OWENS,<br><br>               Petitioner,<br><br>   v.<br><br>STATE OF WASHINGTON,<br><br>               Respondent. | CASE NO. C17-5033 BHS-JRC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

      This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 7), and Petitioner's objections to the R&R (Dkt. 9).

      On January 17, 2017, Petitioner filed a motion for leave to proceed *in forma pauperis* ("IFP"). Dkt. 1. On February 13, Petitioner filed an amended motion. Dkt. 13. On March 7, 2017, Petitioner paid the filing fee of five dollars, notwithstanding his pending IFP motion, and the Clerk filed his habeas petition on the Court's docket. *See* Dkt. 6.

      On March 10, 2017, because Petitioner had paid the filing fee, Judge Creatura issued the R&R, denying Petitioner's IFP motion as moot. Dkt. 8. On March 24, 2017, Petitioner objected to the R&R. Dkt. 9.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

Petitioner argues that the IFP should not have been denied because he had to obtain his initial filing fee by requesting money from family. Dkt. 9. He further argues that he does not believe he will be able to pay any future fees or costs. *Id.* However, the purpose of Petitioner's IFP motion was to waive the prepayment of the statutory filing fee because funds were presently unavailable. *See* 28 U.S.C. § 1915(b). If granted, the IFP motion would not have relieved Petitioner of his obligation to pay that fee altogether. *See id.* The Court is unaware of any authority suggesting that IFP status may be invoked to obtain a refund of filing fees that have already been paid.

Having paid his filing fee when funds were available, the IFP motion is indeed moot and Petitioner is not entitled to a refund of his filing fee. Therefore, the Court adopts the R&R. To the extent that Petitioner complains he may be unable to pay future costs or fees associated with his petition or any future appeal, he may request IFP status again when and if such costs actually arise so that the Court may assess the IFP motion in light of the relevant circumstances.

The Court having considered the R&R, Petitioner's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**; and

(2) Petitioner's IFP motion is **DENIED**.

Dated this 23rd day of May, 2017.

_____
BENJAMIN H. SETTLE
United States District Judge